**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JMK
F. #2008R00052

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 25, 2014

By ECF

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: United States v. Robert Scalza
Crim. Docket No. 12-264 (NGG)

Dear Judge Garaufis:

The government submits this sentencing memorandum in anticipation of the defendant Robert Scalza's sentencing, which is scheduled for June 27, 2014 at 11:00 a.m. As detailed below, a sentence within the range of imprisonment set forth by the United States Sentencing Guidelines ("Guidelines") is appropriate here.

## I. Background

As set forth in the Presentence Investigative Report ("PSR"), on January 7, 2014, the defendant pleaded guilty before the Court to Count Twelve of the indictment, which charges him with extortion conspiracy, in violation of 18 U.S.C. § 1951(a). (PSR ¶ 1). Specifically, Count Twelve charges that, between April 2008 and May 2008, Scalza, together with others, conspired to obstruct commerce by extortion, in that they agreed to obtain a labor union's right to conduct business from the labor union, with the consent of the labor union, the consent being induced through wrongful use of actual and threatened force, violence and fear. (PSR ¶ 1).

In connection with an ongoing investigation into members and associates of the Genovese organized crime family of La Cosa Nostra (the "Genovese crime family"), the government obtained a court-authorized wiretap of co-defendant Conrad Ianniello's cellular telephone in the spring of 2008. Based on the intercepted calls and other information learned in the course of the investigation, Robert Scalza was identified as a Genovese crime family associate. (PSR ¶ 7). During that time period, Scalza was in contact with members and

associates of the Genovese crime family, including Ianniello, a Genovese crime family captain. The wiretap interceptions revealed that Scalza, who was Secretary/Treasurer of Local 713 at the time of the offense, freely discussed issues relating to Local 713 with Ianniello, who was neither a union official nor a union member. Based on the wiretap interceptions, it is clear that Ianniello, with Scalza's consent, exercised control over Local 713 and was involved in the affairs of that union.

The wiretap on Ianniello's phone also revealed that Scalza, along with co-defendants Ianniello and Ryan Ellis, another Genovese crime family associate, conspired to extort Local 621 of its right to organize a chocolate factory located on Long Island, New York in approximately April and May 2008. (PSR ¶¶ 11-19). Specifically, Scalza was intercepted speaking to Ianniello about the dispute with Local 621,[1] and Ianniello's desire to have Local 713 unionize the chocolate factory instead of Local 621. (PSR ¶ 18). In another intercepted call, Ianniello stated to Scalza that the dispute with Local 621 had been resolved, and that he intended to pave the way for Local 713 to unionize the chocolate factory. (PSR ¶ 19). Ianniello further stated: "I'm gonna meet with them people probably next week, so I'm gonna talk to them about putting you there, that way this guy don't get hurt and nobody gets hurt." (PSR ¶ 19).

## II. Guidelines Calculation

The Probation Department ("Probation") calculated Scalza's base offense level to be 20 pursuant to § 2B3.2 of the Guidelines because it included a two-point enhancement for implied threat of bodily injury. (PSR ¶ 34). With a three-point reduction for timely acceptance of responsibility pursuant to §§ 3E1.1(a) and (b) of the Guidelines, a four-point reduction for minimal role in the offense pursuant to § 3B1.2(a) of the Guidelines, and a two-level global plea reduction pursuant to § 5K2.0 of the Guidelines,[2] Scalza's adjusted offense level according to the PSR is 11. (PSR ¶¶ 37, 41, 42 and 13 and 21). With a Criminal History Category of I, Scalza's Guidelines range of imprisonment is 8 to 14 months.

The government's plea agreement, by contrast, estimates the defendant's total offense level to be 10. The government's calculation of the base offense level does not include an enhancement for the implied threat of bodily injury, resulting in a base offense level of 18.[3] With a four-point reduction for minimal role in the offense pursuant to §

---

[1] As set forth in the PSR, as part of the dispute, Ianniello sent Ellis to Local 621's offices to give Dean Delucia, the Secretary/Treasurer of Local 621 and 621A at that time, a "message" to abandon his efforts to organize the chocolate factory. (PSR ¶¶ 12-15).

[2] Scalza and his co-defendants satisfied the conditions set forth in their plea agreements to warrant a two-point global plea reduction.

[3] The government does not intend to present evidence or otherwise argue at sentencing in support of a two-level Guidelines enhancement for implied threat of bodily injury. While the government does not dispute the potential applicability of that

3B1.2(a) of the Guidelines, a two-point reduction for acceptance of responsibility pursuant to § 3E1.1(a) of the Guidelines,[4] and a two-level global plea reduction pursuant to § 5K2.0 of the Guidelines, the government estimates that the adjusted offense level is 10. Accordingly, with a Criminal History Category of I, Scalza's Guidelines range of imprisonment is 6 to 12 months.

III. Scalza's Sentence

A sentence with a Guidelines range of imprisonment of 6 to 12 months is appropriate in this case. While the government recognizes that Scalza is an involved husband, father and friend and has been extensively involved in unions throughout his career, the seriousness of Scalza's crime and his association with organized crime should not be minimized. Scalza and his co-defendants – all members or associates of organized crime – used their corrupt influence and control to intimidate Local 621, causing it to forego its opportunity to unionize the chocolate factory at issue, instead of allowing Local 713 to lawfully compete with Local 621 at the chocolate factory. As the Court is aware, organized crime's control over unions is extensive and long-standing, and Scalza's participation in the crime at issue perpetuates that corrupt influence. A sentence within the Guidelines range specifically deters Scalza from continuing to associate with organized crime, and sends a message to union officials that such an association will not be tolerated.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: /s/Jacquelyn M. Kasulis
Jacquelyn M. Kasulis
Amanda Hector
Assistant U.S. Attorneys
(718) 254-6103/6212

cc: Michael Rosen, Esq.
Jennifer Fisher, U.S. Probation Officer

---

enhancement in light of the facts and circumstances of this case, the government stands by the Guidelines estimate set forth in the plea agreement.

[4] Scalza is not eligible for the additional one-point reduction pursuant to § 3E1.1 (b) because the offense level prior to the application of § 3E1.1(a) is level 16 or less. U.S.S.G. § 3E1.1 (b).